# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| STATE OF MONTANA, BY AND THROUGH ITS GOVERNOR, MONTANA DEPARTMENT OF LIVESTOCK AND MONTANA DEPARTMENT OF FISH, WILDLIFE AND PARKS,<br><br>Plaintiff,<br><br>v.<br><br>DOUG BURGUM, in his official capacity as Secretary of the United States Department of the Interior, *et al.,*<br><br>Defendants. | Case No. CV-24-180-BMM<br><br><br>AMENDED ORDER FOR ADMINISTRATIVE CONSOLIDATION |
| ALLIANCE FOR THE WILD ROCKIES, and COUNCIL ON FISH & WILDLIFE,<br><br>Plaintiffs,<br><br>v.<br><br>KATHERINE HAMMOND, National Park Service Regional Director for Interior Regions 6, 7, and 8, *et al.,*<br><br>Defendants. | Case No. CV-25-12-BMM |

1

## BACKGROUND

On August 28, 2025, the State of Montana (State) moved this Court for the administrative consolidation of *State of Montana v. Burgum, et al.,* CV-24-180-BMM (*Montana*) and *Alliance for the Wild Rockies, et al. v. Katherine Hammond, et. al*, CV 25-12-BMM (*Alliance*). The State seeks administrative consolidation of the two cases, pursuant to Federal Rule of Civil Procedure 42(a). The State asks that administrative consolidation occur for pretrial scheduling purposes only, and that each case remain independent in terms of party participation.

Both cases involve substantially similar parties, facts, and legal issues. Placing the cases on parallel schedules promotes judicial economy and reduces the likelihood of confusion and prejudice. As such, consolidation is appropriate.

## DISCUSSION

Federal Rule of Civil Procedure 42(a) states that when multiple actions before a court involve common questions of law or fact, that court may join those actions for hearing or trial, consolidate the actions, or issue any other orders to avoid unnecessary cost or delay. A district court has broad discretion in determining whether to consolidate cases pursuant to Rule 42(a), and may even do so *sua sponte*. *Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777, 777 (9th Cir. 1989); *Upper Mo. Waterkeeper v. U.S. Envtl. Prot. Agency*, 2020

2

U.S. Dist. LEXIS 203168, *21 (D. Mont. 2020).  When exercising its discretion, the Court balances judicial convenience against potential delay, confusion, and prejudice that could result from consolidation.  *Anderson v. Delten*, 2018 U.S. Dist. LEXIS 19572, *2 (D. Mont. 2018).

    Both *Montana* and *Alliance* challenge the sufficiency of the 2024 Yellowstone National Park (YNP) Bison Management Plan and associated National Environmental Policy Act analysis.  While plaintiffs in both cases seek remand of the plan, the *Montana* plaintiff asks that the record of decision be vacated.  Conversely, the *Alliance* plaintiffs ask that remand occur without vacatur. If the two cases are allowed to advance on different schedules, there is risk of confusion and prejudice due to conflicting rulings or rulings that preempt the other case.

    Given the early nature of the State's motion, and that there is no case management order in either *Montana* or *Alliance*, administrative consolidation will not prejudice the parties in either action.

    In its motion, the State acknowledges that it did not confer with *Alliance* parties regarding its motion, but offered to do so at the Court's direction.  Given the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), the Court's authority to consolidate cases

*sua sponte*, and the common questions of law and fact warranting administrative consolidation pursuant to Federal Rule of Civil Procedure 42(a), the Court sees no need for additional conferral or briefing in *Alliance.*

For the foregoing reasons, administrative consolidation is appropriate and so ordered. The Court determines that the State's motion for administrative consolidation of *Montana* and *Alliance* should be granted.

## ORDER

The Clerk of this Court is directed to consolidate Case No. CV-24-180-BLG-BMM, State of Montana, et al., v. Haaland, et al with Case No. CV-25-12-BLG-BMM, Alliance for the Wild Rockies, et al., v. Katherine Hammond. All future documents shall be filed in the lead case CV-24-180-BLG-BMM. Pursuant to Federal Rule of Civil Procedure 42(a), the above-captioned cases are consolidated for scheduling purposes. It is **ORDERED** that the parties for both matters submit a proposed joint case management plan for entry in each case on or before **November 15, 2025**.

DATED this 23rd day of September 2025.

_____
Brian Morris, Chief District Judge
United States District Courts

4