Daniel J. Decker, Managing Attorney
John T. Harrison, Staff Attorney
Zach Zipfel, Staff Attorney
Confederated Salish and Kootenai Tribes
36100 2nd St. East
P.O. Box 278
Pablo, Montana 59855-0278
Phone: 406-675-2700
Daniel.Decker@cskt.org
John.Harrison@cskt.org
Zachary.Zipfel@cskt.org
*Attorneys for Intervenor-Defendant*
*Confederated Salish and Kootenai Tribes*

Joseph R. Pitt, *pro hac counsel*
Andrea R. Brown, *pro hac counsel*
Office of Legal Counsel
Confederated Tribes of the Umatilla Indian Reservation
46411 Timíne Way
Pendleton, OR 97801
Phone: 541-429-7400
JoePitt@ctuir.org
AndreaBrown@ctuir.org
*Attorneys for Intervenor-Defendant*
*Confederated Tribes of the Umatilla*
*Indian Reservation*

Anthony Aronica, *pro hac counsel*
Nicholas Kahmann, *pro hac counsel*
Confederated Tribes and Bands of the Yakama Nation
401 Fort Road
P.O. Box 151
Toppenish, WA 98948
Phone: 509-865-7268
anthony@yakamanation-olc.org
nick@yakamanation-olc.org
*Attorneys for Intervenor-Defendant*
*Confederated Tribes and Bands of the*
*Yakama Nation*

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, GREAT FALLS DIVISION**

| | |
|---|---|
| STATE OF MONTANA, *et al.,* | Case No. 1:24-CV-180-BMM |
| *Plaintiffs,* | **INTERVENOR-DEFENDANT NORTHWEST TRIBES' RESPONSE TO COURT'S ORDER DISMISSING INTERVENOR-DEFENDANT COTTONWOOD ENVIRONMENTAL LAW CENTER'S CROSS-CLAIM** |
| v. | |
| DOUG BURGUM, *in his official Capacity as U.S. Secretary of the Interior, et al.,* | |
| *Defendants,* | |
| CONFEDERATED SALISH AND KOOTENAI TRIBES, CONFEDERATED TRIBES OF THE UMATILLA INDIAN RESERVATION, AND CONFEDERATED TRIBES AND BANDS OF THE YAKAMA NATION *et al.,* | |
| *Intervenor-Defendants* | |

Intervenor-Defendants Confederated Salish and Kootenai Tribes (CSKT),

Confederated Tribes of the Umatilla Indian Reservation (CTUIR) and

2

Confederated Tribes and Bands of the Yakama Nation (Yakama Nation) (jointly as "Northwest Tribes") submit the following response to the Court's Order dismissing Intervenor-Defendant Cottonwood Environmental Law Center's (Cottonwood) Cross-Claim.  (Doc. 113.)

During the March 27, 2026, hearing on the Federal Defendant's motion to dismiss Cottonwood's cross-claim, the Court asked Cottonwood if individual tribal members could bring treaty-based claims absent the participation of the individual's tribe.  (Minute Entry noting hearing, Doc 111.)  Following the hearing, Cottonwood filed a Notice supporting its contention that individual tribal members can, in fact, assert treaty-based claims.  (Doc. 112.)  Cottonwood cited two cases as authority for this position.  (Cottonwood Notice, Doc 112, pp. 1-2 (citing *United States v. Dion,* 476 U.S. 734 (1986) and *United States v. Brown,* 777 F.3d 1025 (8th Cir. 2015)).  The Northwest Tribes took no position on the motion to dismiss and did not participate in the briefing or argument on the issue.

On April 1, 2026, the Court issued an order denying in part, and granting in part the federal defendant's motion to dismiss.  (Doc. 113.)  The order dismissed Cottonwood's cross-claim without prejudice and offered to entertain a motion for reconsideration, "particularly on whether individual tribal members may assert reserved tribal treaty rights outside criminal prosecutions."  (Doc. 113 at 13.)  The Court also invited a response to the order from the tribal intervenor-defendants on

3

the federal Indian law issues addressed in the order.  The Northwest Tribes concur with the Court's examination of federal Indian law and submit this response on a point of narrow clarification.

The Northwest Tribes agree with the Court that as the sovereign that entered treaties with the United States, treaty rights flow to the tribe that made the agreement.  (Doc. 113 at 11, citing, *e.g. United States v. Washington,* 520 F.2d 676, 688 (9th Cir. 1975)).  Rights reserved under Indian treaties are held by the tribe, and exercised by tribal members… "the negotiations were with the tribe. They reserved rights, however to every individual Indian, as though named therein." *United States v. Winans,* 198 U.S. 371, 381 (1905).  Tribal members exercise their treaty rights subject to regulations adopted and enforced by their tribal government.  *United States v. Washington,* 520 F.2d at 686; *Settler v. Lameer,* 507 F.2d 231 (9th Cir. 1974).  Cottonwood submitted a notice to the Court citing cases where individual tribal members asserted treaty-based claims stemming from prosecutions for violations of federal fish and wildlife laws.  (Doc. 112.)  Analyzing the two cases relied upon by Cottonwood and other decisions, the Court found that "[i]ndividual tribal members may assert treaty reserved hunting rights claims against parties as affirmative defenses in criminal prosecutions." (Doc. 113 at 9-11.)  While it is often the case that individual tribal members asserting treaty rights do so as an affirmative defense to criminal prosecution, the

4

Northwest Tribes note that such assertions are not *limited* to the criminal defense context.

Individual tribal members have brought treaty-based claims to challenge actions that directly interfere with their ability to exercise their treaty rights.  When non-Indians erected a structure in a river that was obstructing access to traditional tribal fishing grounds and overharvesting the salmon run, the United States filed suit on behalf of individual members of the Yakama Nation.  *See, Winans,* 198 U.S. 371.  As the federal trustee, the United States represented the interests of the individual tribal members, however the members themselves could have filed the litigation to secure their treaty-based right to access the salmon run.

More recently, Yakama Nation members challenged Washington state overweight permit and license fees imposed upon Yakama logging trucks hauling timber from the Yakama Reservation.  *Cree v. Flores,* 157 F.3d 762 (9th Cir. 1998) (holding Washington fees and licensing requirements infringed upon tribal members' exercise of their rights under a provision of the Yakama Treaty of 1855 guaranteeing a right to travel on roads to bring goods to market).  The same argument was used by another member of the Yakama Nation in a claim against the United States Internal Revenue Service, with a different result.  *Ramsey v. United States,* 302 F.3d 1074 (9th Cir. 2002) (denying a claim from a Yakama

5

Nation licensed business owner for reimbursement of federal taxes paid on heavy vehicle use and diesel fuel).

In treaty-based litigation brought by individual tribal members the tribal government is typically aware of the members' claims and participate in some way, through supportive amicus briefs (*e.g. Herrera v. Wyoming,* 587 U.S. 329 (2019); *Washington State Department of Licensing v. Cougar Den, Inc.,* 586 U.S. 347 (2019)) or intervention on behalf of the individuals (*e.g. Cree v. Flores*). Such participation is critical because each tribe has its own internal process for authorizing an assertion of treaty rights that affect the collective body. Without this sovereign authorization, an individual member's claim could jeopardize the rights of all members. A tribal government's regulatory authority its over members is the principal rationale for why tribal governments are typically allowed to intervene in proceedings where the tribe's interests are litigated. (*See, e.g. Cree v. Flores; Maverick Gaming LLC v. United States,* 123 F.4th 960 (9th Cir. 2024) (tribe intervened in tribal member-owned business' challenge to the Indian Gaming Regulatory Act and moved dismiss for failure to join the impacted tribal government as a required party under F.R.C.P. Rules 12(b)(7) and 19)). It is unclear to the Northwest Tribes if the tribes referenced by Cottonwood's declarants were aware of the cross-claim or if these individuals received any requisite tribal authorization to assert such claims.

Regardless, it is unclear what treaty right might be at issue in Cottonwood's cross-claim. As pled, Cottonwood's cross-claim seeks to shorten the time bison are held in the Bison Conservation Transfer Program (Transfer Program). That claim is disconnected from any Cottonwood declarant's ability to exercise treaty rights to hunt bison in the Greater Yellowstone Area. The Transfer Program is coordinated between Yellowstone National Park and tribal governments that receive the bison and does not directly impact any individual tribal member's treaty hunting rights.

The Northwest Tribes respectfully submit that there is no treaty issue in Montana's challenge to the Yellowstone Bison Management Plan (Plan). Rather, the Northwest Tribes intervened in this case to uphold the Plan, not to litigate their rights to hunt Yellowstone bison. As tribes with treaty-reserved rights to hunt Yellowstone bison, the Northwest Tribes are co-managers of the Yellowstone bison herd. The CSKT is a member of the Interagency Bison Management Plan partnership and the Yakama Nation and CTUIR are contributors to that inter-governmental process. All three tribes participated as cooperating governments in the Yellowstone bison management National Environmental Policy Act process and are now intervenor-defendants aligned with the Federal Defendants in support of the resulting Plan.

The Northwest Tribes agree with the Court's analysis of the federal Indian law matter set out in its order, with the clarification that individual tribal member treaty-based claims are not limited solely to affirmative defenses to criminal prosecutions.  The Northwest Tribes do not see any challenge to treaty rights pled in Cottonwood's cross-claim or in Montana's complaint.  With regard to any other matters addressed in the Court's order, the Northwest Tribes take no position and defer to the outcome of the order.

Respectfully submitted, April 15, 2026,

*/s/ John T. Harrison*
Daniel J. Decker, Managing Attorney
John T. Harrison, Staff Attorney
Zach Zipfel, Staff Attorney
Confederated Salish and Kootenai Tribes
Tribal Legal Department
36100 2nd St. East
P.O. Box 278
Pablo, MT 59855
(406) 675-2700 ext. 1185
Daniel.Decker@cskt.org
John.Harrison@cskt.org
Zachary.Zipfel@cskt.org
*Attorneys for Intervenor-Defendant*
*Confederated Salish and Kootenai Tribes*

*/s/ Andrea R. Brown*
Joseph R. Pitt, *pro hac counsel*
Andrea R. Brown, *pro hac counsel*
Office of Legal Counsel
Confederated Tribes of the Umatilla Indian
Reservation
46411 Timíne Way
Pendleton, OR 97801
Phone: 541-429-7400
JoePitt@ctuir.org
AndreaBrown@ctuir.org
*Attorneys for Intervenor-Defendant*
*Confederated Tribes of the Umatilla*
*Indian Reservation*


*/s/ John T. Harrison*
John. T. Harrison, *Local Counsel*


*/s/ Anthony Aronica*
Anthony Aronica, *pro hac counsel*
Nicholas Kahmann, *pro hac counsel*
Confederated Tribes and Bands of the
Yakama Nation
401 Fort Road
P.O. Box 151
Toppenish, WA 98948
Phone: 509-865-7268
anthony@yakamanation-olc.org
nick@yakamanation-olc.org
*Attorneys for Intervenor-Defendant*
*Confederated Tribes and Bands of the*
*Yakama Nation*


*/s/ John T. Harrison*
John. T. Harrison, *Local Counsel*

<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of this "RESPONSE TO COURT'S ORDER DISMISSING INTERVENOR-DEFENDANT COTTONWOOD ENVIRONMENTAL LAW CENTER'S CROSS-CLAIM" has been served on all parties via CM/ECF electronic notice.

Dated April 15, 2026.

*/s/ John T. Harrison*

John. T. Harrison
*Attorney for Confederated Salish and Kootenai Tribes*

10