Anita Y. Milanovich (MSB #12176)
Rachel K. Meredith (MSB #11552)
Office of the Governor
1301 E. 6th Avenue
PO Box 200801
Helena, MT 59620-0801
Phone: (406) 444-5503
Email: anita.milanovich@mt.gov
        rachel.meredith@mt.gov
*Counsel for Plaintiff*

Kevin Rechkoff (MSB #54137140)
Montana Department of Fish, Wildlife
and Parks
PO Box 200701
Helena, MT 59620-0701
Phone: (406) 594-8069
Email: kevin.rechkoff@mt.gov
*Counsel for Plaintiff*

Lindsey Simon (MSB #34338757)
Legal Counsel
Montana Department of Livestock
PO Box 202001
Helena, MT 59620-2001
Phone: (406) 444-7631
Email: lindsey.simon3@mt.gov
*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| STATE OF MONTANA, BY AND THROUGH ITS GOVERNOR, *et al.*, <br><br> Plaintiff, <br> v. <br><br> DOUG BURGUM, in his official capacity as Secretary, U.S. Department of the Interior, *et al.,* <br><br> Defendants. | Case No. CV-24-180-BLG-BMM <br><br><br> **BRIEF IN SUPPORT OF MOTION TO AMEND CASE MANAGEMENT ORDER** |

Plaintiff State of Montana, by and through its Governor, Montana

Department of Livestock, and Montana Department of Fish, Wildlife and Parks

(collectively, Montana) respectfully files this brief in support of its motion to amend the joint case management order in the above-captioned matter.

## BACKGROUND

The parties in *Montana, et al. v. Burgum, et al.* (CV-24-180-BLG-BMM) and *Alliance for the Wild Rockies, et al. v. Hammond, et al.* (*Alliance*) (CV-25-12-BLG-BMM) filed a proposed joint case management plan in the foregoing cases on November 14, 2025, Doc. 97, pursuant to this Court's order administratively consolidating the two cases, Doc. 94. The Court issued a signed case management order, adopting the proposed schedule, on February 18, 2026. Doc. 105. That order set forth the following deadlines: April 1 for parties to disclose to federal defendants any materials necessary to supplement, complete, or otherwise challenge the administrative record (AR); May 1 for motions challenging the sufficiency of the AR; and July 1, August 31, October 13, and November 24 for briefing plaintiffs' motions for summary judgment. *Id.* at 4-7. The case management order states that if AR motions are filed, the Parties "reserve the right to (either unilaterally or jointly) move the Court to suspend the summary judgment briefing schedule set forth below." *Id.* at 5-6.

On April 28, 2026, Montana filed a motion to amend the joint case management order. Specifically, Montana sought to extend the deadline for federal defendants to supplement the AR (to May 15) and extend the deadline for motions

challenging the AR (to June 19). Doc. 115. The Court granted that motion on April 30, 2026. Doc. 117.

On May 8, 2026, federal defendants filed a motion in both the above-captioned matter and in *Alliance,* seeking to stay both cases pending a supplemental environmental impact statement updating the National Environmental Policy Act (NEPA) analysis associated with the Yellowstone National Park Bison Management Plan Final Environmental Impact Statement at issue in both cases. Doc. 118, 1; *Alliance* Doc. 32, 1. The Court has set a hearing on this motion for June 22, 2026. Doc. 122; *Alliance* Doc. 36.

On June 1, 2026, federal defendants filed supplemental materials to the AR in the above-captioned matter. Doc. 120.

## ARGUMENT

Montana and the federal defendants worked productively to identify documents for AR supplementation. Federal defendants supplemented those materials on June 1, 2026. This effort significantly reduced the number of documents identified by Montana as being necessary for a complete AR. That said, there are still several documents Montana will move to complete the AR.

Montana's existing deadline to file that motion is June 19. Montana seeks to extend that deadline 7 days and suspend summary judgment briefing for several reasons. First, the Court has scheduled a hearing on a motion to stay. It seems

Brief in Support of Motion to Amend Case Management Order--3

prudent to give the Court the opportunity to resolve federal defendants' motions prior to initiating motion practice on the AR. Second, a number of unanticipated, competing briefing deadlines have appeared for Montana in several administrative matters for which there is no opportunity to seek extension.

Finally, Montana asks to suspend the summary judgment briefing in the joint case management plan because it will be filing a motion challenging the AR in the absence of stay. Rather than seek suspension of those deadlines pursuant to the case management plan, Doc. 105 at 5-6, at that late date, Montana seeks to do so now for purposes of transparency.

During conferral, counsel for *Alliance* plaintiffs stated it opposed any motion that would result in a "stay" of summary judgment briefing in *Alliance's* case, for the reasons it briefed against federal defendant's pending motion to stay.  Montana does not seek a "stay" of summary judgment, just a suspension of the deadlines until AR motions can be addressed.  This suspension is *specifically* contemplated in the joint case management plan submitted by the *Montana* **and** *Alliance* parties and which governs both cases.  Doc. 105 at 5-6. To preserve the purpose of this Court's administrative consolidation, which was to avoid confusion and prejudice of conflicting rulings and rulings that preempt the other case, Doc. 94 at 3, the requested extension and suspension, if granted, should appear in the joint case management order governing both cases.

For the foregoing reasons, Montana respectfully requests that the Court amend the joint case management order accordingly.

RESPECTFULLY SUBMITTED this 12th day of June, 2026.

/s/ *Rachel K. Meredith*
Rachel K. Meredith (MSB #11552)
Office of the Governor
1301 E. 6th Avenue
PO Box 200801
Helena, MT 59620-0801
Phone: 406-444-5503
Email: rachel.meredith@mt.gov
*Counsel for Petitioner*

Brief in Support of Motion to Amend Case Management Order--5

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of L.R. 7.1(d)(2)(A), containing 716 words (excluding caption, certificate of compliance, table of contents and authorities, exhibit index, and any certificate of service), as verified by the word count feature of Microsoft Word, the word processor that created it.

_/s/ Rachel K. Meredith_____

Rachel K. Meredith

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all parties in the above-captioned matter via CM/ECF electronic notice.

/s/ Rachel K. Meredith
Rachel K. Meredith