Anita Y. Milanovich (MSB #12176)
Rachel K. Meredith (MSB #11552)
Office of the Governor
1301 E. 6th Avenue
PO Box 200801
Helena, MT 59620-0801
Phone: (406) 444-5503
Email: anita.milanovich@mt.gov
rachel.meredith@mt.gov
*Counsel for Plaintiff*

Jeffrey M. Hindoien (MSB #4101)
Chief Legal Counsel
Montana Department of Fish, Wildlife and Parks
1420 E. 6th Avenue
PO Box 200701
Helena, MT 59620-0701
Phone: (406) 594-0539
Email: Jeff.Hindoien@mt.gov
*Counsel for Plaintiff*

Lindsey Simon (MSB #34338757)
Legal Counsel
Montana Department of Livestock
PO Box 202001
Helena, MT 59620-2001
Phone: (406) 444-7631
Email: lindsey.simon3@mt.gov
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| STATE OF MONTANA, BY AND THROUGH ITS GOVERNOR, *et al.*,<br><br>Plaintiff,<br>v.<br><br>DOUG BURGUM, in his official capacity as Secretary, U.S. Department of the Interior, *et al.*,<br><br>Defendants. | Case No. CV-24-180-BLG-BMM<br><br>**BRIEF IN SUPPORT OF PLAINTIFF AND FEDERAL DEFENDANTS' MOTION SEEKING VOLUNTARY DISMISSAL OF ALL CLAIMS, WITHOUT PREJUDICE, BY COURT ORDER PURSUANT TO RULE 41(a)(2)** |

Plaintiff State of Montana (Montana) and Defendants Secretary Burgum, *et al.* (Federal Defendants) file this joint motion for voluntary dismissal of the above-captioned case, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).

**BACKGROUND**

On December 31, 2024, Montana initiated the above-captioned action challenging the National Park Service's (NPS) 2024 Bison Management Plan Final Environmental Impact Statement and Record of Decision. Doc. 1. On February 18, 2025, Cottonwood Environmental Law Center (CELC) and Sierra Club, Montana Chapter[1], moved to intervene on behalf of the Federal Defendants. Doc. 13. On February 24, 2025, the Fort Peck Assiniboine and Sioux Tribes, Defenders of Wildlife, Greater Yellowstone Coalition, National Parks Conservation Association, and Park County Environmental Council, moved to intervene on behalf of the Federal Defendants. Doc. 25. On April 8, 2025, the Confederated Salish and Kootenai Tribes, Confederated Tribes of the Umatilla Indian Reservation, and Confederated Tribes and Bands of the Yakama Nation moved to intervene on behalf of the Federal Defendants. Doc. 64. The foregoing motions to intervene were granted. Doc. 74.

[1] Upon its unopposed motion, the Sierra Club was removed from the above-captioned case. Doc. 53.

On September 22, 2025, the above-captioned matter was administratively consolidated with *Alliance for the Wild Rockies, et al. v. Hammond, et al.*, CV-25-12-BMM (*Alliance*). Doc. 94. The cases were placed on parallel schedules, with each case remaining independent in terms of party participation. *Id.*

CELC brought a crossclaim against the Federal Defendants. Doc. 15. That crossclaim was dismissed April 1, 2026. Doc. 113. There are no pending crossclaims at issue in the above-captioned case.

On April 29, 2026, NPS published a *Notice of Intent to Prepare a Supplemental Environmental Impact Statement for a Bison Management Plan at Yellowstone National Park, WY, MT, ID*. Doc. 118-1. That notice states that

> The National Park Service (NPS) intends to prepare a Supplemental Environmental Impact Statement (SEIS) to update the analysis in the Yellowstone National Park Bison Management Plan Final Environmental Impact Statement (EIS), 2024. Seasonal bison migration out of the park has become less predictable in timing and duration. This change affects the reliability of management assumptions that informed the 2024 analysis, warranting supplemental review.

*Id.* at 3. The notice also states

> The NPS will supplement the 2024 Final EIS by developing one or more new alternatives, in addition to those previously considered. These new alternative(s) may incorporate elements previously dismissed from detailed analyses or include elements not previously considered. The SEIS will provide additional analysis on the reasonably foreseeable effects of the new alternative(s). Further, the 2024 Final EIS has been challenged in two lawsuits in the District of Montana (*Alliance for the Wild Rockies et al.* v. *Carlstrom et al.,* CV–

> 25–12–BLG–BMM & *State of Montana* v. *Burgum et al.,* CV–24–180– BLG–BMM). As part of the SEIS process, NPS will determine whether additional analysis of any issues raised in those lawsuits is appropriate, and if so, will include such analysis in the SEIS.

*Id.*

On May 8, 2026, Federal Defendants filed a *Motion to Stay Case Pending SEIS Process* in both the above-captioned matter and in *Alliance*. Doc. 118. None of the parties in the above-captioned matter opposed the proposed stay. *Alliance* parties did oppose the motion. Doc. 137 at 1. On July 21, 2026, the Court issued an order denying the requested stay on the basis that it could prejudice *Alliance* plaintiffs. Doc. 137.

**LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 41(a)(2), an action may be dismissed at a plaintiff's request by Court order, on terms that the Court considers proper. Fed. R. Civ. P. 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96 (9th Cir. 1996). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001); *see also*, *Osborne v. Billings Clinic,* 2015 U.S. Dist. LEXIS 196854, *2 (D. Mont. 2015) ("Rule

41(a)(2) motions for voluntary dismissal should be liberally granted, provided that no party will suffer legal prejudice.”). “‘[L]egal prejudice’ means ‘prejudice to some legal interest, some legal claim, [or] some legal argument.’” *Smith,* 263 F.3d at 976 (quoting *Westlands*, 100 F.3d at 97).

**ARGUMENT**

The requested dismissal does not create legal prejudice for any of the parties in this case. With the Federal Defendants’ initiation and subsequent pursuit of a SEIS that identifies new alternatives and provides additional analysis, there is potential that Montana’s claims will be addressed, if not resolved, by that process. As such, dismissal without prejudice allows parties to focus resources on that process.

For the foregoing reasons, Montana and the Federal Defendants respectfully request that this Court issue an order dismissing the above-captioned case without prejudice.

RESPECTFULLY SUBMITTED this 14th day of September, 2026.

By:/s/ Rachel K. Meredith
Rachel K. Meredith (MSB #11552)
Office of the Governor
1301 E. 6th Ave.
PO Box 200801
Helena, MT 59620-0801
Phone: 406-444-5503
Email: rachel.meredith@mt.gov
*Attorney for Plaintiff*

By: /s/ Michelle Nkeng
Michelle Nkeng
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box. 7611
Washington, D.C. 200044-7611
*Attorney for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all parties via CM/ECF electronic notice.

/s/ Rachel K. Meredith
Rachel K. Meredith